UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES T. HOPKINS,            )
                             )
        Plaintiff,            )
                             )
    v.                       )  No. 4:06-CV-143-DDN
                             )
CRAWFORD COUNTY, MISSOURI, et al., )
                             )
        Defendants.           )

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of James T. Hopkins (registration no. 184173) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on January 31, 2006. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $93.50, and an average monthly account balance of $34.98. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, seeks monetary, declaratory, and injunctive relief in this 42 U.S.C. § 1983 action against defendants Crawford County, Missouri, Deborah S. Walls (Clerk, Crawford County Circuit Court), Richard Anthony Skouby (attorney), and William Seay (Judge, Crawford County Circuit Court).[1]

Plaintiff alleges that, in the Circuit Court of Crawford County, Missouri, defendant Skouby filed an action against him on behalf of a minor. Plaintiff further alleges that after service of summons, he "filed motions to dismiss, responsive pleadings and

---

[1] Plaintiff states that "[t]his is a civil rights action and pendent state claims suit filed pro se"; however, he does specify the nature of his state claims. Because plaintiff's federal claims will be dismissed, any pendent state claims would be dismissed, as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). As such, the Court will not instruct plaintiff to file an amended complaint.

answers . . . [a] writ of habeas corpus ad testificandum . . . and request for counsel and counterclaims." He claims that defendant Walls "took it upon herself to withhold [his] pleadings which created a [one million dollar] default judgment" against him, and that all defendants "were aware of the scam being pulled on [him] and each of them acting jointly and individually did nothing about it."

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). The actions of defendant Richard Anthony Skouby in representing a minor in a lawsuit against plaintiff do not constitute action under color of state law for purposes of § 1983. *See Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law). As such, the complaint is legally frivolous as to Richard Skouby.

Plaintiff's allegations against defendants William Seay and Deborah Walls are also legally frivolous. Defendant Seay is immune from liability for damages under § 1983, because the alleged wrongdoings were performed within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Inasmuch as the filing of complaints and other legal documents is an integral part of the

judicial process, defendant Walls is protected by judicial immunity from damages for alleged civil rights violations committed in connection with the performance of such tasks. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989). Moreover, plaintiff has failed to show that he is entitled to seek equitable relief in this Court. In *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982), the Eighth Circuit Court of Appeals stated, as follows:

> It is established that allegations of irreparable harm and lack of an adequate remedy at law are "indispensable prerequisites" to equitable relief. *Bonner v. Circuit Court of City of St. Louis, Missouri,* 526 F.2d 1331, 1335 (8th Cir. 1975). Appellant concedes that no attempt was made to petition Judge Mazander for new trial, to appeal his conviction, or to collaterally attack the judgment in state court. The only evidence of any action taken is appellant's statement that after his driving privileges were suspended, he asked [a friend of his brother] to contact Judge Mazander again, who allegedly told [the friend] that it was too late to withdraw the guilty plea. However, this allegation by itself does not demonstrate that legal relief was unavailable to appellant. Furthermore, although exhaustion of state remedies is not a prerequisite to a § 1983 claim . . . "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases." *Id*. at 1336.

Having carefully reviewed the complaint, the Court concludes that plaintiff has failed to allege that legal relief was unavailable to him.

Last, plaintiff's claim that Crawford County "failed to train and supervise defendants clerk and judge and let them create

5

their own policy enforceable under County authority" is legally frivolous. Not only has plaintiff failed to allege that custom or policy caused him injury, *see Ayers v. Reynolds*, 60 F.3d 830, 1995 WL 386435 (8th Cir. 1995)(bare allegations that county failed to properly train and supervise not actionable under § 1983), but there is no indication that that Crawford County had supervisory authority over the named defendants. *Cf. Hall v. Wells*, 121 F.3d 708, 1997 WL 461325 (6th Cir. 1997)(City of Cleveland had no supervisory authority over judges and deputy clerk).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $18.70 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of April, 2006.

_____
**UNITED STATES DISTRICT JUDGE**